IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEADER INSURANCE COMPANIES,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JACK A. LYONS & JACK L. LYONS,<br><br>　　　　　Defendants. | Case No. 3:05-cv-23 TMB<br><br><br>O R D E R |

　　　　The Complaint in this matter originally was filed on February 8, 2005. Docket 1. An Amended Complaint was filed on June 6, 2005, and a Second Amended Complaint was filed June 28, 2005. Docket nos. 6 & 9. The only Defendants remaining in the Second Amended Complaint, Jack A. Lyons and Jack L. Lyons, ultimately were served via publication. Docket nos. 10 & 15. The clerk entered default as to both Defendants. Docket nos. 14 & 18.

　　　　On January 23, 2006, this matter was reassigned to the undersigned. Docket 19. Leader Insurance Companies now moves for entry of Default Judgment against both Defendants. Docket 20.

　　　　A review of the file indicates that the relief sought by Plaintiff is a declaratory judgment that the Leader insurance policy covering Jack L. Lyons is inapplicable to cover any claim arising from the death of Kellyanne "Kelly" Williams in July 2004.[1] The argument in the Second Amended Complaint is that the insurance policy covering Jack L. Lyons specifically excluded coverage for Jack A. Lyons: "On March 26, 2004, Jack L. Lyons signed a driver exclusion form excluding Jack A. Lyons from the policy. Exhibit 3." Docket 9. Plaintiff claims that the exclusion provides:

> In consideration of the continuation of this policy in force by the company, it is hereby agreed that with respect to such insurance as is afforded under this policy, the company shall not be liable for loss, damages and/or liability caused while the

---

[1] According to the Second Amended Complaint, Jack A. Lyons and Ms. Williams were driving together in Jack L. Lyons' vehicle on an evening in July 2004. Jack A. Lyons parked the vehicle near the riverbank, and left the vehicle to prepare fishing lines. Ms. Williams remained in the vehicle, which somehow went into the river with her in it. Ms. Williams later died at the hospital. Docket 9.

> automobile described in the policy or any other automobile to which the terms of the policy are extended is being driven or operated by the following named persons(s) . . .

Docket 9. Again citing "Exhibit 3," Plaintiff notes: "the name 'Jack A. Lyons' is filled in thereafter with the date of birth 12/06/82 and 'my son' listed as relation to insured." Docket 9.

A review of the record indicates that neither the Complaint, Amended Complaint, nor the Second Amended Complaint contain an "Exhibit 3" or any exhibit that appears to be the aforementioned "driver exclusion form." As this form is obviously critical to the merits of this case, Default Judgment will not be entered until the form has been produced to the Court.

Plaintiff is directed to produce the exhibit within 30 days of the date of this Order. Failure to produce the exhibit will result in dismissal of this matter.

Dated at Anchorage, Alaska, this 5th day of April, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge