IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LEADER INSURANCE COMPANIES,

Plaintiff,

vs.

JACK A. LYONS & JACK L. LYONS,

Defendants.

Case No.  3:05-cv-23  TMB

O R D E R

The Complaint in this matter originally was filed on February 8, 2005.  Docket 1.
Defendants were named as "Jack A. Lyons and Jerri Williams as Personal Representative of the
Estate of Kelly Williams."  Id.  An Amended Complaint was filed on June 6, 2005, removing  Jerri
Williams and the Estate as a party.  Docket 6.  A Second Amended Complaint was filed June 28,
2005, adding Jack L. Lyons as a defendant.  Docket 9.   Jack A. Lyons and Jack L. Lyons,
ultimately were served via publication.  Docket nos. 10 & 15.  The clerk entered default as to both
Defendants.  Docket nos. 14 & 18.

On January 23, 2006, this matter was reassigned to the undersigned.  Docket 19.   Leader
Insurance Companies now moves for entry of Default Judgment against both Defendants.  Docket
20.  The relief sought by Plaintiff is a declaratory judgment that the Leader insurance policy
covering Jack L. Lyons is inapplicable to cover any claim arising from the death of Kellyanne
"Kelly" Williams in July 2004.[1]  The argument in the Second Amended Complaint is that the
insurance policy covering Jack L. Lyons specifically excluded coverage for his son, Jack A. Lyons:
"On March 26, 2004, Jack L. Lyons signed a driver exclusion form excluding Jack A. Lyons from

---

[1]According to the Second Amended Complaint, Jack A. Lyons and Ms. Williams were driving together in Jack
L. Lyons' vehicle on an evening in July 2004.  Jack A. Lyons parked the vehicle near the riverbank, and left the vehicle
to prepare fishing lines.  Ms. Williams remained in the vehicle, which somehow went into the river with her in it.  Ms.
Williams later died at the hospital.  Docket 9.

1

the policy.  Exhibit 3."  Docket 9.  Plaintiff has provided a copy of the exclusion at Docket 22.  It

states:

> In consideration of the continuation of this policy in force by the company, it is
> hereby agreed that with respect to such insurance as is afforded under this policy, the
> company shall not be liable for loss, damages and/or liability caused while the
> automobile described in the policy or any other automobile to which the terms of
> the policy are extended is being driven or operated by the following named
> persons(s) . . .

Docket 22, Exhibit.   The name "Jack A. Lyons," date of birth 12/06/82 is filled in the blanks.  Id.

> The driver exclusion clause further indicates:

> It is further agreed that in the event we shall, because of any interest, become
> obligated to pay any sum or sums of money because of loss for which there would be
> no coverage because of this agreement, you will reimburse us for any and all sums,
> costs and expenses paid or incurred by us.  All other terms, limits and provisions of
> this policy remain unchanged.

> **WARNING:** Because of this driver exclusion, this policy may be inadequate to
> satisfy the requirements of the Alaska Motor Vehicle Safety Responsibility Act or
> the Alaska Mandatory Insurance Law.

Id. (Emphasis original).

The law of some states allows automobile insurance policies to exclude specific persons

from coverage if they are driving an insured motor vehicle when it is involved in an accident.  7

Am.Jur.2d Automobile Insurance § 246.  The purpose of such an exclusion is to allow a family

automobile to remain insured by excluding from the policy a member of the household whose

driving record would have warranted cancellation.  Id.  Such exclusions have been held valid in

some states, but contrary to public policy in others.  Id.  Although several states permit named

driver exclusions by statute, Alaska does not appear to be among them. See 1 Auto. Liability Ins. 4th

§6:13, fn. 1.

This Court is reluctant to issue a declaratory judgment that the Leader insurance policy

covering Jack L. Lyons is inapplicable to cover any claim arising from the death of Kelly Williams,

absent more thorough briefing of this issue from Plaintiff.  This is so particularly in light of the fact

that the Estate of Kelly Williams is not a party to this action, and did not have the opportunity to

oppose a declaratory judgment adverse to its interests.  Additionally, other states have held that a

named driver exclusion is void and unenforceable to the extent that it renders a named driver

uninsured in spite of compulsory statutory minimum limits.  See Beacon Ins. Co. v. State Farm, 795

SW2d 62 (Ky. 1990).  In the event that Alaska law is unsettled in this regard, this Court questions whether it should decline jurisdiction of this declaratory judgment action.  See GEICO v. Dizol, 133 F.3d 1220 (9th Cir. 1998).

Plaintiff shall brief the foregoing issues for the court no later than June 1, 2006.

Dated at Anchorage, Alaska, this 25th day of April, 2006.


/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge

3