Wallace H. Tetlow, Esq.
Wilkerson Hozubin
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: Wallace@wilkersonlaw.net
AK Bar # 9306038

Attorneys for Plaintiff Leader

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| LEADER INSURANCE COMPANIES,  )<br>                              )<br>          Plaintiff,         )<br>                              )<br>     vs.                      )<br>                              )<br>JACK A. LYONS and             )<br>JACK L. LYONS,                )<br>                              )<br>          Defendants.         )<br>_____) | Case No. A05-023 CV (TMB) |

**MOTION AND MEMORANDUM IN SUPPORT OF BRIEFING REGARDING VALIDITY OF LEADER'S NAMED-DRIVER EXCLUSION**

Leader Insurance Companies, through counsel, and pursuant to this Court's request for briefing, submits its briefing regarding the validity of the named-driver exclusion in Jack L. Lyons' liability policy and in support of its Motion for Entry of Default Judgment. This motion is supported by the attached Affidavit and proposed Order.

Plaintiff, Leader Insurance Companies ("Leader"), requested a declaratory judgment that its insurance policy covering Jack

A. Lyons is inapplicable to cover any claim arising from the death of Kellyanne Williams in July 2004, and moved for default judgment against defendants. Prior to entering the default judgments, on April 25, 2006, this Court requested additional briefing addressing the validity of Leader's named-driver exclusion.

Leader's named-driver exclusion is permitted by Alaska Statute. AS 28.20.440(l) provides that:

> Notwithstanding any other provision of law, a person who resides in the same household as the person named as insured or a person who is a relative of the person named as insured shall be excluded from coverage under a motor vehicle liability policy if the person named as insured requests that that person be excluded from coverage.

Thus, Alaska law is settled. There is no question that Jack A. Lyons and Jack L. Lyons are related to one another; therefore, it was appropriate for Jack A. Lyons to exclude his son from coverage under his motor vehicle liability policy. The exclusion is proper.

As to the court's concerns that the estate of Kellyanne Williams is not a party to this matter: there is no estate. Further, the deceased's mother, Jerri Williams, and her attorney have been, and continue to be, informed of the status of this declaratory judgment action.

Counsel for plaintiff has been communicating with Jerri Williams' attorney, Dennis Maloney, since February 28, 2005, regarding the issue of establishing an estate on deceased Kellyanne Williams' behalf. *See* attached Exhibit A, correspondence between undersigned and Dennis Maloney. On May 12, 2006, undersigned spoke with Mr. Maloney regarding this Court's concerns about issuing the requested declaratory judgment without having Kellyanne Williams' estate as a party. Mr. Maloney stated that no estate had been formed and that he will not be joining in the declaratory judgment action on Jerri William's behalf.[1] Mr. Maloney further stated that he is, on Jerri Williams' behalf, currently pursuing an uninsured motorist claim against Ms. Williams' uninsured motorist carrier, State Farm Insurance Companies, for the death of Kellyanne Williams in July 2004.

Given the clarity of Alaska law on this issue and Jerri Williams' reluctance to establish an estate on the deceased's behalf, with full knowledge of the pending declaratory judgment action, this Court should exercise its discretionary jurisdiction and issue the requested declaratory judgment in spite of the fact that the estate is not a party in this action.

In summary, Leader's named-driver exclusion is statutorily authorized. More than adequate time has elapsed to permit

---

[1] See attached affidavit of counsel.

3

deceased's parent to establish an estate to pursue any claims on Kellyanne Williams' behalf in this case.  An estate has not been, and will not be, established because Leader's named driver exclusion, in light of AS 28.20.440, is dispositive on the issue before this Court.

For the foregoing reasons, this Court should grant Leader's request for default judgment against Defendants.

DATED this 24th day of May, 2006.

>By: s/Wallace H. Tetlow
>Wilkerson Hozubin
>310 K Street, Suite 405
>Phone: 907 276-5297
>Fax: 907 276-5291
>E-mail: Wallace@wilkersonlaw.net
>Attorneys for Plaintiff Leader
>AK Bar No. 9306038